No. 47,493

STATE OF KANSAS, *Appellee*, v. WAYNE SMITH, *Appellant*.

(528 P. 2d 1195)

Opinion filed December 7, 1974.

*Charles M. Tuley*, of May and Tuley, of Atchison, argued the cause, and *John S. May*, of the same firm, was with him on the brief for appellant.

*J. David Farris*, county attorney, argued the cause, and *Larry R. Mears*, assistant county attorney, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: The appellant, Wayne Smith, was convicted by a jury of criminal injury to persons (K. S. A. 1973 Supp. 21-3431) and criminal damage to property (K. S. A. 1973 Supp. 21-3720). He was sentenced for a period of from one to five years for the crime of criminal injury to persons and for a period of from one to five years for the crime of criminal damage to property. (K. S. A. 1973 Supp. 21-4501 [e].) The sentences were ordered to run consecutively.

On appeal, the appellant asserts error in the sentence imposed for the conviction of criminal damage to property upon the ground the instruction given by the district court did not set out the value

distinction between a class E felony and class A misdemeanor, nor did the jury's verdict specify the amount of damage done to the property.

The district court's instruction on the charge of criminal damage to property was as follows:

"INSTRUCTION No. 4

"The defendant is further charged with the crime of criminal damage to property without consent. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1.] That Linda G. Smith had an interest as a tenant in the house and contents in Effingham, Kansas.

"2.] That the defendant intentionally damaged the property;

"3.] That the defendant did so without the consent of Linda G. Smith; and

"4.] That this act occurred on or about 12 July 1973 in Atchison County, Kansas."

The jury returned a verdict finding the appellant guilty of criminal damage to property without consent. The verdict contained no statement of the value of the property nor the extent of damage done to the property. The appellant then moved the court for a finding of guilty to a lesser included offense, specifically, a misdemeanor conviction for criminal damage to property. The district court overruled the motion and sentenced appellant as being guilty of a class E felony. (K. S. A. 1973 Supp. 21-4501 [e].)

No objection was made by the appellant in the district court with respect to Instruction No. 4. It is a well established rule of this court that objections to the district court's instructions will not be considered when raised for the first time on appeal unless the instruction is clearly erroneous. (State v. Wilson, 215 Kan. 28, 523 P. 2d 337.)

Was the instruction given by the district court clearly erroneous?

In charging the jury in a criminal case, it is the duty of the district court to define the offense charged, stating to the jury the essential elements of the crime, either in the language of the statute or in appropriate and accurate language of the court. (State v. Schriner, 215 Kan. 86, 523 P. 2d 703.) Moreover, K. S. A. 1973 Supp. 21-3107 (3) provides:

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

Regarding this statute, in *State v. Warbritton*, 211 Kan. 506, 506 P. 2d 1152, we said:

"The meaning of the statute is clear and specific in nature and where it is applicable must control over the general provisions of K. S. A. 1972 Supp. 22-3414 (3) pertaining to the requirement of an objection to the giving or failure to give an instruction." (l. c. 508.)

Criminal damage to property is defined by K. S. A. 1973 Supp. 21-3720 as follows:

"(1) Criminal damage to property is by means other than by fire or explosive:

"(*a*) Willfully injuring, damaging, mutilating, defacing, destroying, or substantially impairing the use of any property in which another has an interest without the consent of such other person; or

(*b*) Injuring, damaging, mutilating, defacing, destroying, or substantially impairing the use of any property with intent to injure or defraud an insurer or lienholder.

"(2) Criminal damage to property is a class E felony if the property is damaged to the extent of fifty dollars ($50) or more. Criminal damage to property is a class A misdemeanor if the property damaged by such acts is of the value of less than fifty dollars ($50) or is of the value of fifty dollars ($50) or more and is damaged to the extent of less than fifty dollars ($50)."

The statute is a consolidation of 24 prior laws dealing with offenses against property resulting in damage. (11 Vernon's Kan. Stat. Anno., Criminal Code [Spring & Ryan], § 21-3720.) Simply stated, K. S. A. 1973 Supp. 21-3720 (1) (*a*) requires an act which damages or substantially impairs the use of another's property, that is done without consent. According to subsection (2) above, the classification of the crime as either a class E felony or class A misdemeanor is dependent upon both the value of the property and the extent of damage done to the property. Subsection (2) requires the crime be classified as a class A misdemeanor when "the property damaged by such acts is of the value of less than fifty dollars ($50) or is of the value of fifty dollars ($50) or more and is damaged to the extent of less than fifty dollars ($50)." To be classified as a class E felony, the property must sustain damage to the extent of fifty dollars or more.

For the state to convict a person of a felony for criminal damage to property, it is required to prove 1) an act or impairment in using the property, done without consent of the owner or person having an interest in the property; 2) the value of the property was more than $50, and 3) the amount of damage done to the property was $50 or more.

In the instant case, the instruction given by the district court is identical to that given for the crime of criminal damage to property without consent found in PIK Criminal, Sec. 59.23. Both instructions speak only to the act or impairment in using another's property—the first element stated above. The court should have included as a part of its instructions PIK 68.11 requiring the jury to set forth in its verdict the value of the property damaged and the amount of damage done to the property.

As indicated, the verdict did not state the value of the property damaged or the amount of damage done to the property, nor did Instruction No. 4 require the jury to make such findings. The jury found the appellant guilty of criminal damage to property without the consent and under the circumstances prevailing, we are of the opinion the record is sufficient to support a conviction for the lesser included misdemeanor offense, but is insufficient to support a felony conviction for criminal damage done to property without consent. That part of the judgment convicting and sentencing the appellant of a felony for criminal damage to property is reversed and the sentence is set aside. (*State v. Towner*, 202 Kan. 25, 446 P. 2d 719; K. S. A. 1973 Supp. 22-3605.) The cause is remanded to the district court with directions to recall appellant for resentencing for a class A misdemeanor conviction for criminal damage to property without consent in accord with the provisions of K. S. A. 1973 Supp. 21-4502 (*a*).

It is so ordered.