No. 47,649

STATE OF KANSAS, *Appellee,* v. ROY HUMPHREY, *Appellant.*

(537 P. 2d 155)

Opinion filed June 14, 1975.

*Ross J. Wichman,* of Ryan and Kent, Chartered, argued the cause, and *Bruce W. Kent,* of the same firm, was with him on the brief for the appellant.

*Simon Roth, Jr.,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Don C. Staab,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal in a criminal action in which the defendant was convicted of one count of illegal sale of amphetamines and two counts charging unlawful sale of marijuana. The defendant was tried by a jury in the district court of Ellis county and has appealed to this court claiming trial errors.

With the exception of the testimony of a Kansas Bureau of Investigation chemist who identified the drugs, the prosecution was based solely upon the testimony of John Eckhart, a special agent of the Kansas Attorney General. In September of 1973 in the course of his employment as a special agent Eckhart was assigned to the Hays, Kansas, area for the purpose of gathering evidence and assisting in

the control of alleged illegal trafficking in drugs. Eckhart, as special agent, signed the complaint which initiated the prosecution against the defendant-appellant, Roy Humphrey. At the preliminary hearing and again at the trial Eckhart testified that he first met the defendant Humphrey in a bar in Hays on September 1, 1973. Eckhart stated that later that month the two met at a party and subsequently went to defendant's home where they smoked some marijuana and Eckhart purchased some amphetamine tablets and marijuana. Eckhart further testified that on October 2, 1973, the two again met at a bar in Hays and, at the request of Eckhart, defendant again sold him some marijuana. Eckhart further declared that the substances purchased on each occasion were tested at the KBI laboratory and were identified as amphetamines and marijuana. At the trial in district court the defendant did not testify in his own behalf. His entire defense was based upon an attack upon the credibility of Eckhart. This was done through cross-examination of Eckhart and the testimony of Eckhart's former wife and three other acquaintances.

From the moment the case was filed counsel for the defendant attempted by appropriate motions to obtain information about Eckhart which might raise questions about Eckhart's credibility. Counsel's attempts to obtain such information were futile. Many of the defendant's points of claimed error on this appeal are based upon the restrictions on discovery of information imposed by the trial court. In all there are 34 trial errors claimed on the appeal. Many of them are repetitious and go to the same basic issues. Essentially the errors claimed are in three categories:

(1) Restrictions imposed by the court on the discovery of information about John Eckhart;

(2) limitations on the introduction of evidence affecting the credibility of John Eckhart; and

(3) claimed errors in the court's instructions.

We will first consider whether or not the trial court denied the defendant a fair trial by its pretrial orders limiting the defendant in his discovery of information adversely affecting Eckhart's credibility.

Following the filing of the complaint signed by Eckhart, the matter was set for a preliminary hearing. Eckhart took the stand and testified regarding the purchase of amphetamines and marijuana from the defendant Humphrey. At the conclusion of the preliminary hearing on November 1, 1973, the defendant was bound over for trial in the district court. On November 8, 1973, the county at-

torney filed an information. It appearing that the defendant was indigent, counsel was appointed to represent him in the proceeding. On February 28, 1974, counsel moved the court for an order pursuant to K. S. A. 1973 Supp. 22-3213 for the production and delivery to defendant of all written statements, records and information regarding the background, conduct or testimony of John S. Eckhart, the witness for the prosecution at the preliminary hearing. A hearing on this motion was held on March 7, 1974. The court stated that it had a standing order which required the county attorney to make available to the defendant all records pertaining to the investigation and all witnesses' statements contained in the county attorney's file. Counsel for the defendant specifically requested any written statements or reports made by John Eckhart *to the attorney general* as well as to the county attorney. The trial court overruled the defendant's motion and refused to compel the county attorney to obtain statements and reports made by Eckhart which might be under the control of the Kansas attorney general. The defendant contends on this appeal that the trial court's ruling was in error and that in view of the fact that Eckhart was the sole and only witness relied upon by the state to prove the sale, it was crucial that defendant's counsel have available to him any prior statements or reports made by Eckhart in the course of his employment by the attorney general.

The defendant relies upon K. S. A. 1973 Supp. 22-3213 which provides in paragraph (2):

". . . After a witness called by the state has testified on direct examination, the court *shall*, on motion of the defendant, order the prosecution to produce any statement . . . of the witness in the possession of the *prosecution* which relates to the subject matter as to which the witness has testified. . . ." (Emphasis supplied.)

The scope of 22-3213 was recently considered by this court in *State v. Stafford*, 213 Kan. 152, 515 P. 2d 769. In *Stafford* we held that where the government chooses to rely on a witness for proof of the essentials of a criminal charge it cannot insulate him from thorough cross-examination by any claim of governmental privilege or sovereign right to secrecy. We further held that a police officer called by the state to testify on direct examination as to facts revealed by his investigation of an alleged crime is a witness within the meaning of 22-3213 (2) and the defendant is entitled to the production of any statement or report made by the officer in the possession of the prosecution relating to the subject matter of the

witness' testimony. We concluded that the refusal of the magistrate and the trial court to compel production of the statement of the police officer was reversible error.

The additional question presented in this case is whether or not the right of the defendant to disclosure of the statement under 22-3213 (2) is restricted to reports in the actual file of the county attorney and does not include statements or reports in the hands of the attorney general or other state law enforcement agencies. In our judgment the trial court erred in its refusal to require the county attorney to produce any statements or reports of special agent Eckhart which might have been made to the attorney general which involved the subject matter of his testimony at the preliminary hearing. The Kansas Code of Criminal Procedure by the provisions of 22-2103 declares that it is intended to provide for the just determination of every criminal proceeding. Its provisions shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. In view of these stated purposes it is clear that the discovery provisions under the criminal code should be liberally construed and the scope of discovery should be as full and complete as is reasonably possible under the circumstances. The American Bar Association Standards for Criminal Justice relating to Discovery and Procedure Before Trial provide as follows:

"1.2 Scope of discovery.

"In order to provide adequate information for informed pleas, expedite trials, minimize surprise, afford opportunity for effective cross-examination, and meet the requirements of due process, discovery prior to trial should be as full and free as possible consistent with protection of persons, effective law enforcement, the adversary system, and national security."

Standard 2.1 requires the prosecuting attorney to disclose to defense counsel material and information including relevant written or recorded statements of witnesses whom the prosecuting attorney intends to call as witnesses. Standard 2.4 covers situations where discoverable material is not at the time in the possession of the prosecuting attorney but which is in the possession or control of other governmental personnel. Standard 2.4 provides as follows:

"2.4 Material held by other governmental personnel.

"Upon defense counsel's request and designation of material or information which would be discoverable if in the possession or control of the prosecuting attorney and which is in the possession or control of other governmental personnel, the prosecuting attorney shall use diligent good faith efforts to cause such material to be made available to defense counsel; and if the

prosecuting attorney's efforts are unsuccessful and such material or other governmental personnel are subject to the jurisdiction of the court, the court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel."

K. S. A. 22-3213 is more restrictive than the standards cited above in that the right to statements and reports of witnesses does not come into play until a state witness has testified on direct examination. However, in our judgment 22-3213 should be construed so as to require the state to provide to the defense a statement or report of a witness which relates to the subject matter about which the witness has testified, which is in the possession of the law enforcement agencies including the police, the county attorney, or the attorney general of the state of Kansas. To hold otherwise would enable a county attorney to defeat the purpose of the discovery rule by the simple process of removing statements and reports from his personal file. In view of the importance of such statements and reports in testing the credibility of a state's witness, we believe that such a requirement will better achieve the purpose of the Kansas Code of Criminal Procedure.

Such a result is especially appropriate in the case at bar where the state's only witness to the alleged drug sale was its special agent, John Eckhart, who in addition to being a witness was the complainant who signed the complaint upon which this prosecution was founded. We, therefore, hold that it was error for the trial court to restrict the right of the defendant to discovery of statements or reports of John Eckhart after he had testified at the preliminary hearing to statements and reports which might at the time be in the file of the county attorney. The defendant was also entitled to a discovery of any statement or report of Eckhart which might be in the files of the attorney general.

The defendant also complains that he was denied his right of discovery by the refusal of the district court to compel the county attorney to provide to defendant's counsel information pertaining to any criminal record of John Eckhart which might be contained in the files of the Federal Bureau of Investigation or in the National Crime Information Center. Such information would be discoverable if it is included within the ambit of K. S. A. 22-3212 (2) which provides as follows:

"22-3212. Discovery and inspection.

. . . . . . . . . . . .

"(2) Upon motion of a defendant the court may order the prosecuting attorney to permit the defendant to inspect and copy or photograph books,

papers, documents, tangible objects, buildings or places, or copies, or portions thereof, which are or have been within the possession, custody or control of the prosecution upon a showing of materiality to the case and that the request is reasonable. . . ."

It should be noted that this statute places in the trial court a broad discretion to require the prosecuting attorney to disclose to the defendant documents and other tangible objects which are or have been within the possession or *control* of the prosecution. In order to obtain such discovery the defendant has the burden of showing the materiality of the information and that the request is reasonable.

Standard 2.1 relating to Discovery and Procedure Before Trial requires the prosecuting attorney to disclose to defense counsel any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial. In *State v. Wilkins,* 215 Kan. 145, 523 P. 2d 728, we emphasized the importance of the right of effective cross-examination as a part of the constitutional right of confrontation of witnesses. In the opinion Mr. Justice Fromme pointed out that the constitutional right of confrontation of witnesses means more than being allowed to confront the witness physically for it includes the right of effective cross-examination where the credibility of a witness can be subjected to exploration to examine the weight to be given to his testimony. (*State v. Montanez,* 215 Kan. 67, 523 P. 2d 410.) In *Wilkins* we held that the defendant had the right to impeach the credibility of a state witness by the use of his juvenile records. We believe that the prosecution loses little, if anything, by making a witness's record available to defense counsel in advance of trial if there is any chance that the witness would not have revealed a particular conviction. In all other instances knowledge of a witness's criminal record merely puts defense counsel in the same position as the prosecution, which almost invariably has knowledge of the defendant's record, if any.

The courts in other jurisdictions have compelled the state to disclose such criminal records where the defendant has shown that they are reasonably necessary and important in the preparation of the defendant's case. In *State v. Coney,* (Fla.) 294 So. 2d 82, the Supreme Court of Florida held that a defendant may properly be allowed discovery as to the criminal records of state's witnesses to the extent that such information is in the actual or constructive possession of the state, including data obtainable from the Federal

Bureau of Investigation. The Florida court, however, stated that a prosecutor is not required to obtain criminal records of state's witnesses whose testimony is not seriously subject to impeachment, such as medical experts, police officers and innocent bystanders. Obviously the rule of disclosure must be applied with reason. In *Engstrom v. Superior Court*, 20 C. A. 3d 240, 97 Cal. Rptr. 484, the California court of appeals pointed out that unless criminal conviction records of prosecuting witnesses are made available to the defense, the defendant would be at a great disadvantage. The prosecution has access to such records to impeach defense witnesses, but the defendant would not have equal access to criminal records. The effort required by the prosecution to obtain conviction records from the Bureau of Criminal Identification and Investigation is minimal compared with the potential value of such records to the defense. Therefore, it concluded, the prosecution should be required, on request, to obtain and make available information concerning felony convictions of prosecution witnesses.

The court of appeals of Oregon took a similar position in *State v. Ireland*, 500 P. 2d 1231. In that case the court held that in a prosecution for selling marijuana to a police undercover narcotics agent, where the issue of guilt or innocence turned in large part on the credibility of the state's chief witness, it was error not to allow the defendant time to attempt to obtain the prior criminal record of the witness. The facts in *Ireland* were similar to those in the case now before us.

We believe that in view of the circumstances of this case, where we have the testimony of one prosecuting witness as the sole evidence connecting the defendant with the alleged criminal activities, the credibility of the prosecuting witness presented a material issue of substantial proportion with respect to the preparation of a defense on behalf of the defendant. Such information was of vital importance and absent some good reason not shown here, justice required the trial judge to order the prosecutor to produce information pertaining to prior convictions of the prosecutor's witness, Eckhart, for crimes involving dishonesty or false statement which would have been admissible under the provisions of K. S. A. 60-421, to impair Eckhart's credibility. In so holding we are not refusing to recognize the broad discretion placed in the trial court by K. S. A. 22-3212. We are simply declaring that under 22-3212 the trial court should liberally grant discovery on motion of a defendant unless there is some good sound reason to deny dis-

covery. The norm should be for the trial court to allow discovery to the defendant. An arbitrary refusal without reason to require the prosecutor to disclose material information constitutes an abuse of discretion for the reason that such action is contrary to the purpose of the Kansas Code of Criminal Procedure and the minimum standards for criminal justice discussed above.

We do not accept the broad statement of the county attorney in his brief that the county attorney and law enforcement agencies in Ellis county cannot ordinarily obtain upon request "rap sheets" from the Federal Bureau of Investigation and information from the National Crime Information Center records pertaining to prior convictions of persons who might be called as witnesses in criminal cases. Information involving criminal convictions is collected by the attorney general of the United States under the authority of 28 U. S. C. A. § 534 which *requires* the attorney general to acquire, collect, classify, and preserve identification, criminal identification, crime, and other records and to exchange these records with, and for the official use of, authorized officials of the Federal Government, the states, cities and penal and other institutions. We think it obvious that it would have been a simple matter in this case for the county attorney of Ellis county to have requested from the F. B. I. or the National Crime Information Center any records pertaining to prior convictions of agent Eckhart. Any information contained in such records pertaining to prior convictions of Eckhart for crimes involving dishonesty or false statement should have been disclosed to the defense. Such information was otherwise unavailable to the defense. In the absence of some good reason why such information should not have been produced, the trial court should have ordered the prosecutor to produce it or, at the least, make a sincere effort to produce it.

Another point of error raised by the defendant is that the trial court erred in quashing his subpoena duces tecum directed to a certain doctor and the person in charge of the medical records of the High Plains Comprehensive Community Mental Health Center in Hays. The defendant by the subpoena sought to obtain information regarding the mental competency of the state's witness, John Eckhart, and also information which might affect his credibility as a witness. On February 26, 1974, counsel for the defendant issued a praecipe for a subpoena duces tecum to require Dr. John Cody and Mrs. Judith Caprez of Hays, Kansas, to bring with them to district court all records of the mental health center pertaining to

the care, confinement, and treatment of John Eckhart. The state moved to quash the subpoena duces tecum. The basis of the motion to quash was that the records were confidential and had no bearing on the issues involved in the case. In addition Dr. Cody and Mrs. Caprez filed an answer to the defendant's subpoena duces tecum alleging that all information requested in the motion was of a confidential nature and that they should not be required to divulge the same. At the hearing defendant's counsel stated to the court that he had information that John Eckhart had been diagnosed at the center as a psychopath and a pathological liar and that he had further information that Eckhart had been diagnosed as a schizophrenic at a Veteran's Administration hospital. Defendant's counsel took the position that defendant had a constitutional right to the compulsory service of process and that the physician-patient privilege had no application in a criminal prosecution for a felony. The county attorney strongly objected to the disclosure of the information. The court refused to permit defense counsel to inspect the medical records, sustained the state's motion to quash the subpoena, and upheld the answer of Dr. Cody and Mrs. Caprez refusing production of the documents. On this appeal the defendant maintains that he was denied his constitutional right to compulsory process and also his statutory right to the use of subpoenas to obtain the attendance of witnesses under the provisions of K. S. A. 1972 Supp. 22-3214.

In our judgment the trial court committed prejudicial error in denying to the defendant his right to issue a subpoena duces tecum and to examine the medical records pertaining to John Eckhart. We want to make it clear, however, that we do not pass upon the question of the admissibility of such records. The records are not before us and we have no idea whether such medical records would have been admissible at the trial of the case. K. S. A. 1972 Supp. 22-3214 declares categorically that any person charged with a crime shall be entitled to the use of subpoenas and other compulsory process to obtain the attendance of witnesses. The accused's constitutional right to compulsory process to compel the attendance of witnesses was recognized in this state in 1879. (*State v. Roark*, 23 Kan. 147.) In *Washington v. Texas*, 388 U. S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920, the Supreme Court of the United States held that the right of an accused to have compulsory process for obtaining witnesses in his favor, guaranteed in federal trials by the Sixth

Amendment, is so fundamental and essential to a fair trial that it is incorporated in the due process clause of the Fourteenth Amendment, so as to be applicable in state trials. In this regard Mr. Chief Justice Warren stated as follows:

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." (p. 19.)

In our recent decision of *State v. Gress*, 210 Kan. 850, 504 P. 2d 256, this court held that in a criminal action the defendant has not only the right to compulsory process for obtaining witnesses to testify in his behalf but also the right, either personally or by attorney, to ascertain what their testimony will be. The right to compulsory process would be meaningless unless defense counsel could determine in advance of trial information relevant to the case held by prospective witnesses. Furthermore K. S. A. 60-407 provides specifically that except as otherwise provided by statute no person has a privilege to refuse to be a witness or has a privilege to refuse to disclose any matter or to produce any object or writing. In other words in the absence of a statutory privilege a witness must appear in response to a subpoena and make available the subpoenaed information to the defendant or his counsel. In the present case counsel for the defendant sought information to challenge the mental competency of John Eckhart to testify and further to attack his credibility. Under K. S. A. 60-407 a witness is presumed to be competent to testify. His incompetency, therefore, must be challenged and the burden of establishing incompetency rests on the challenger. (*State v. Poulos*, 196 Kan. 253, 263, 411 P. 2d 694, cert. den. 385 U. S. 827, 17 L. Ed. 2d 64, 87 S. Ct. 63.) Here the burden was upon the defendant to obtain and introduce information challenging the mental competency of John Eckhart to testify. Under these circumstances the defendant was entitled to compulsory process to establish Eckhart's incompetency and to subpoena Eckhart's medical records unless a specific statutory privilege could be shown.

In this case the trial court quashed the subpoena duces tecum and refused defense counsel's effort to examine Eckhart's medical records on the grounds that Eckhart had a privilege which precluded the disclosure of medical information by his doctors. In so holding

the trial court was in error for two reasons: In the first place the Kansas statute which creates the physician-patient privilege specifically requires that a claim of privilege be made by the *holder of the privilege* or a person authorized to claim the privilege for him. (K. S. A. 1972 Supp. 60-427.) Judge Gard in his treatise on the Kansas Code of Civil Procedure, § 60-427, states that the privilege is not that of the physician. He points out that 60-427 makes no provision for the physician-patient privilege to be claimed by the physician for the benefit of the patient. There is nothing in the record to show that the witness, John Eckhart, claimed a privilege against the release of his medical records by his physicians. In addition to this the trial court erred because the defendant was charged with a felony and K. S. A. 60-427 limits the applicability of the physician-patient privilege to civil actions and misdemeanors. In *State v. Campbell*, 210 Kan. 265, 500 P. 2d 21, we held unequivocally that the physician-patient privilege under 60-427 does not exist in felony cases. Under the circumstances here the statutory privilege relied upon by the trial court had no application and hence the trial court erred in refusing to require the operators of the High Plains Mental Health Center to disclose Eckhart's medical records for examination by defendant's counsel. Here the trial court in the absence of any statutory privilege denied to the defendant his right to examine medical records which might be relevant on the issue of Eckhart's competency to take the witness stand and which might seriously affect his credibility. Nor did the trial court retain the records for examination by this court on appeal so that the relevancy of such records could be determined. The proper procedure was for the trial court to permit counsel to examine the records and offer them into evidence either on the issue of Eckhart's competency to testify or to attack his credibility. The trial court could then have ruled on their admissibility. By refusing to make such records available to defendant's counsel the trial court denied to the defendant his right to compulsory process for obtaining witnesses to testify in his behalf including the right to ascertain what the testimony of the witnesses would be. This was prejudicial error.

The defendant on this appeal claims that the trial court committed reversible error in excluding evidence of specific instances of Eckhart's misconduct offered to destroy Eckhart's credibility. On cross-examination of Eckhart defense counsel attempted again-and-again to question him as to Eckhart's activities involving prostitution, gambling, theft, fraudulent sale of life insurance, and other areas of

misconduct. As a part of the defendant's case-in-chief defense counsel sought to bring out on direct examination the same prior criminal activities of Eckhart. The trial court refused to permit the introduction of this testimony relying on K. S. A. 60-422 (*d*), which states in pertinent part as follows:

"60-422. As affecting the credibility of a witness. . . .; (*d*) evidence of specific instances of his conduct relevant only as tending to prove a trait of his character, shall be inadmissible."

It has been stated that the reason for the restriction is that where character is only incidentally involved it would not be expedient to let the trial go off on collateral tangents which would result from trying out the factual issues involved in the proof of specific instances of conduct. (Gard, Kansas Code of Civil Procedure, § 60-422.) The rule does not place any limitations on the proof of reputation as evidence of character, nor does it restrain proof of character by opinion testimony. In our judgment the trial court correctly applied 60-422 in excluding evidence of specific instances of prior misconduct on the part of John Eckhart. The evidence was offered solely for the purpose of attacking his credibility, and therefore fell within the ambit of the exclusionary rule. Furthermore at the trial the defendant was afforded a full opportunity to introduce evidence as to Eckhart's general reputation and also to present opinion testimony which attacked Eckhart's credibility. We find no error in the rulings of the trial court under this point.

The defendant next complains that the trial court erred in failing to instruct the jury on the defense of entrapment. Here the defendant offered no evidence which showed his involvement in the sale of drugs either by his own admission or through the testimony of any of his witnesses. The refusal of the trial court to instruct on the defense of entrapment was not error. (*State v. Einhorn*, 213 Kan. 271, 515 P. 2d 1036.)

The defendant's final point is that the trial court erred in failing to instruct the jury on the lesser included offense of possession of marijuana, relying on K. S. A. 1972 Supp. 21-3107 (3). The precise issue was raised and considered in *State v. Woods*, 214 Kan. 739, 522 P. 2d 967. There we held that possession of marijuana is not a lesser included offense in a prosecution for the unlawful sale of marijuana. The refusal of the trial court to instruct in this regard was not error.

For the reasons set forth above the judgment of the trial court is reversed and the case is remanded for a new trial with instructions to afford to the defendant his right of pretrial discovery in accordance with the views set forth in this opinion.

FATZER, C. J. and SCHROEDER, J., dissenting.

FROMME, J., not participating.