No. 47,721

THE STATE OF KANSAS, *Appellee*, v. DONALD J. PILAND, *Appellant*.

(538 P. 2d 666)

Opinion filed July 17, 1975.

*Michael B. Roach,* of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney and *Stephen M. Joseph,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Donald J. Piland, was convicted of two counts of burglary and one count of theft of property of a value of fifty dollars ($50) or more. He was sentenced to three concurrent terms of not less than three (3) nor more than ten (10) years, and he has appealed.

Most of the facts are undisputed. On March 25, 1974, the Allison Junior High School building of Wichita was entered. A vending machine which was located in a closet in the building and which contained money, candy, cookies and gum was pried open and many of

its contents were missing. A fingerprint identified as Mr. Piland's was found on the coin box.

On April 17, 1974, the same junior high school building was entered through a broken window in the school library and the defendant was found crouched underneath a row of desks. Three of his fingerprints were found on and about the broken window.

In explanation of his presence beneath the library desks, Mr. Piland testified he was walking down the street when he saw two young guys go up the fire escape and into the building; that he was going to tell them they had better get out because he didn't want to see them get into trouble; that he went the same way they did and over the roof and there was a broken window and he went in; that he heard footsteps and people running outside; that he heard a 'copter overhead and looked out and saw a policeman; that he didn't want to get shot so he went under a desk, where he was found. The defendant further testified he had never been in the Allison Junior High School building prior to April 17, 1974, and he knew not how his fingerprints happened to be on the coin box of the vending machine.

Three points are fingered in Mr. Piland's statement of points. In summary, they recite that the trial court erred in the following particulars:

1. Failing to separate the charges for trial.
2. Failing to instruct the jury as to value.
3. Refusing to discharge the defendant at the close of the state's case for lack of evidence.

The defendant has neither briefed nor argued the third point and we assume it has been abandoned—as well it might have been, considering the content of this record. This court has held that points which are neither briefed nor argued on appeal will be considered abandoned. (*Intercontinental Leasing, Inc., v. Lehr,* 209 Kan. 132, 136, 495 P. 2d 900; *Vickers v. Wichita State University,* 213 Kan. 614, 616, 518 P. 2d 512.) We shall spend no further time on point number three.

Did the court err in trying the defendant on all three charges at a common trial? First of all, we should note the record discloses no request by the defendant to separate the charges for trial. It is a rule of long standing that matters not presented to the trial court are not to be considered on appellate review. (See cases in 1 Hatcher's Kansas Digest [Rev. Ed.] Appeal & Error, § 304.) Nonetheless, we shall comment briefly on the point.

K. S. A. 22-3202 (Weeks 1974) provides that two or more crimes may be charged against an accused in the same information where they are of same or similar character or are based on the same act or transaction or on two or more acts constituting a common scheme or plan. In *State v. Thomas,* 206 Kan. 603, 609, 481 P. 2d 964, we said the statute codified the prior case law existing in this jurisdiction. In a somewhat earlier case, *State v. Caldrone,* 202 Kan. 651, 653, 451 P. 2d 205, we said the joinder of separate felonies in a single information is largely a matter resting within the sound judicial discretion of the trial court.

We find no abuse of discretion on the part of the trial court in trying the offenses together in this case. They were of the same general character, they occurred within a short space of time and they were committed at the same school building. Clearly, they fall within the guidelines set both by the statute and by former decisions of this court. (*State v. Lamb,* 209 Kan. 453, 470, 497 P. 2d 275.)

Defendant's second point gives us greater pause. In instruction No. 2, the trial court charged the jury in part as follows:

"In COUNT TWO of the Information, the defendant is charged with the crime of theft. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That Mr. Mervyn L. Criser was the owner of the property;

"2. That the defendant obtained and exerted unauthorized control over the property;

"3. That the defendant intended to deprive Mr. Criser permanently of the use and benefit of the property; and

"4. That this act occurred on or about the 25th day of March, 1974, in Sedgwick County, Kansas."

With the exception of names, dates and places, the foregoing portion of instruction 2 was taken verbatim from PIK Criminal No. 59.01.

To the instruction the defendant duly objected. He complains it failed to include a necessary element of felony theft, *i. e.,* that the property taken be of the value of fifty dollars ($50) or more, and he asserts that the omission prejudiced his right to have the jury determine the value of the property stolen.

Under the circumstances shown of record we believe the trial court should have instructed the jury as to the element of value, delineating the value distinction between felony and misdemeanor theft and requiring the jury to find the value of the property. The present statute relating to theft, K. S. A. 21-3701 (Weeks 1974), designates theft of property valued at fifty dollars ($50) or more as being a

class D felony (this was formerly designated as grand larceny in K. S. A. 21-533 [Corrick 1964]), while theft of property valued at less than fifty dollars ($50) is named a class A misdemeanor (formerly denoted petty larceny in K. S. A. 21-535 [Corrick 1964]).

The offense charged in count two of the information is clearly that of felony theft, but the jury was not so advised by the court, nor was the value of the pilfered property anywhere mentioned by the court in its instructions. Hence the return of a verdict finding defendant "guilty of theft, as charged in COUNT TWO" cannot be taken to mean that the jury found the property stolen was of a *value of fifty dollars ($50) or more* or that the defendant was guilty of *felony* theft.

As justifying its refusal to instruct as to value, the trial court commented there was no basis in the evidence from which the jury might make a finding of value of less than fifty dollars ($50). We do not regard the evidence as quite that conclusive or compelling. The sole testimony of value came from Mr. Criser, who operated the vending machine. He testified there was approximately fifty dollars ($50) lost on merchandise and twenty-five dollars ($25) in nickels, but his figures as to the merchandise loss were obviously estimates. Mr. Criser's testimony wavered between retail and wholesale value; he had not counted nor did he know how much stock remained in the machine after the theft; and he "guessed" how much stock was held in storage.

The defendant contended at the trial that the jury should evaluate the testimony given by Mr. Criser, "as the jury may not believe all what [sic] the owner of the vending machine . . . testified." In view of the equivocal nature of portions of Mr. Criser's testimony we are inclined to agree that value was in issue.

In a good many respects this case resembles *State v. Smith*, 215 Kan. 865, 528 P. 2d 1195, where the defendant was convicted of criminal damage to property in violation of K. S. A. 21-3720 (Weeks 1974). That statute, after defining the offense, goes on to provide that criminal damage to property is a felony if the property is damaged to the extent of fifty dollars ($50) or more, but is a misdemeanor if the property damaged is of the value of less than fifty dollars ($50), or is of the value of fifty dollars ($50) or more and is damaged to the extent of less than fifty dollars ($50). The instructions given in *Smith* did not set out the value distinction between a felony and a misdemeanor damage to property, nor did the jury

in that case specify in its verdict either the value of the property damaged or the amount of the damage.

We said in the *Smith* case that the trial court should have included as a part of its instructions PIK 68.11 requiring the jury to set out in its verdict the value of the property damaged and the amount of the damage done. So in this case we are of the opinion the jury should have been instructed as to the element of value and required to make findings with respect thereto.

What should be our disposition of this case so far as the charge of theft is concerned? We believe that *State v. Smith*, supra, points the way. In that case the verdict did not set forth either the value of the property damaged or the amount of damage, nor did the instructions require the jury to make findings with respect thereto. We said, however, that the record was sufficient to support a conviction for the lesser offense of misdemeanor damage to property. Similarly it may be said here that the record, although insufficient to uphold a felony theft conviction, is adequate to sustain a conviction of misdemeanor theft of property, and we so hold.

Following the procedure adopted in *Smith* we reverse that part of the judgment sentencing Mr. Piland for class D felony theft of property as alleged in count two of the information and we remand the cause for resentencing the defendant for a class A misdemeanor theft in accordance with the provisions of K. S. A. 21-4502 (1) (*a*) (Weeks 1974). In all other respects the judgment of the court below is affirmed.

It is so ordered.

FROMME, J., not participating.