(573 P.2d 1112)
No. 49,194

STATE OF KANSAS, *Appellee*, v. LARRY G. HERBER, *Appellant.*

Opinion filed December 16, 1977.

*Charles G. Stewart,* of Grainfield, for the appellant.

*S. Phillip Stover,* county attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before SPENCER, P.J., FOTH and SWINEHART, JJ.

FOTH, J.: The primary issue raised in this appeal is whether a jury verdict finding a defendant guilty of speeding in excess of the maximum limit of 55 miles per hour, without specifying the speed actually attained, permits the convicting court to report to the division of vehicles that defendant was convicted of a "moving traffic violation." We hold it does not.

On January 14, 1977, defendant Larry G. Herber was issued a uniform notice to appear in the district court of Gove county. The notice, subsequently filed and verified as a complaint, charged him with speeding 83 miles per hour on a county road where the maximum lawful speed was 55 m.p.h. The notice and complaint thus complied with K.S.A. 8-1339(*a*), which requires those documents to "specify the speed at which the defendant is alleged to have driven and also specify the maximum speed applicable within the district or at the location."

The case was tried to a jury. The only instruction on the offense charged was as follows:

"The defendant is charged in this case with the crime of exceeding the maximum speed limit. The crime is set out in the Kansas Statutes as follows:

"K.S.A. 8-1336. (a) Except when a special hazard exists that requires lower speed for compliance with K.S.A. 8-1335, the limit specified in this section or established as hereinafter authorized shall be maximum lawful speeds and no person shall drive a vehicle in excess of such maximum speed limits: (1) Twenty (20) miles per hour in any business district; (2) Thirty (30) miles per hour in any residence district; and (3) Fifty-five (55) miles per hour in all other locations."

The jury's verdict, on a form objected to by defendant, was as follows:

"We, the jury, find the above-named defendant, Larry G. Herber, guilty of exceeding the maximum speed limit."

It may thus be seen that all the jury was required to find in order to convict—and all it did find—was that defendant exceeded the maximum speed limit of 55 m.p.h. There is no indication in the record and nothing from which one can reasonably infer a finding by the jury that defendant was "guilty as charged" or was driving at any particular speed. It was entitled to return the verdict it did even if it believed defendant's admission to the arresting officer "that he possibly may have been traveling 65 but no faster."

Nevertheless, after imposing a fine of $250.00 and costs, the trial court included the following in the journal entry:

"The court further finds that pursuant to the alleged speed set out in the uniform notice to appear and complaint, the record sent to the state will show driving at 83 m.p.h."

In his brief defendant argues that the evidence was insufficient to support the conviction. At oral argument counsel conceded that it was sufficient, and we agree. In addition to defendant's admission quoted above, the arresting trooper testified to pacing defendant at speeds up to 90 m.p.h. and clocking him with a stopwatch over a measured course. The fact that the trooper was on a parallel road went to the weight of his testimony—to be determined by the jury and not this court.

The real issue is whether the record should show that defendant was convicted of driving 83 m.p.h. The issue is important because under K.S.A. 8-2115 it is the duty of the clerk of the court

to forward an abstract of all traffic convictions to the division of motor vehicles. Under 8-255(*a*)(2) the division may suspend the driver's license of any person who has been convicted of three or more "moving traffic violations" committed within a twelve month period.

"Moving traffic violation" is a generic term not defined in our statutes, and would include this speeding conviction if it were not for K.S.A. 8-1341:

> "Any conviction or forfeiture of bail or bond for exceeding the maximum speed limit established by subsection (*a*) (3) of K.S.A. 8-1336 by not more than ten (10) miles per hour shall not be construed as a moving traffic violation for the purpose of K.S.A. 8-255, and any amendments thereto."

The reference to 8-1336(*a*)(3) is to the 55 m.p.h. limit applicable here. Hence if defendant was convicted of driving 65 m.p.h. (as he admitted) or less, he was not convicted of a "moving traffic violation" even though he was properly convicted of speeding. On the other hand, if he was convicted of driving more than 65 m.p.h. he *was* convicted of a "moving traffic violation" and the trial court's finding was correct. The trouble is, as previously observed, there is simply no way of telling what speed the jury found.

The situation as we see it is closely analogous to *State v. Smith,* 215 Kan. 865, 528 P.2d 1195. That was a prosecution for criminal damage to property under K.S.A. 21-3720. The statute makes it a felony if the damage exceeds $50, a misdemeanor if less than $50. The jury in that case convicted, but was not required to find the value of the damage. The court vacated the felony sentence imposed by the trial court and remanded for resentencing for a misdemeanor.

Theft presents the same situation. If the value of the stolen property exceeds $50 the offense is a felony, if less it is a misdemeanor. Where a jury fails to find the value of the property stolen a felony sentence cannot stand; resentence for a misdemeanor is the only alternative. *State v. Piland,* 217 Kan. 689, 538 P.2d 666; *State v. Towner,* 202 Kan. 25, 446 P.2d 719.

We think the same kind of situation obtains under our present speeding statutes where the charge is exceeding the 55 m.p.h. limit. Where a trial is held the trier of fact (either judge or jury) must determine the defendant's speed, or at least determine whether or not the defendant exceeded the limit by more than 10

m.p.h. Instructions to the jury should require that, if it finds the defendant guilty, it should find this additional fact, and appropriate verdict forms should be supplied.

In this case the state suggests that the defendant somehow waived such a finding by the jury. We have carefully examined the record and find no such waiver.

It follows that the judgment must be modified by striking the trial court's finding that defendant was convicted of driving 83 m.p.h. In a trial to a jury only the jury could make such a finding. Under the analogy of the cited cases the record must show that defendant was convicted of the lesser variety of speeding, *i.e.,* not more than 10 m.p.h. over the 55 m.p.h. limit. As so modified the judgment is affirmed.