THE BOARD OF COUNTY COMMISSIONERS OF ATCHISON COUNTY v. TIMOTHY D. SULLIVAN.

No. 524.

APPELLATE PRACTICE—*where, by mistake, party files petition in error in Supreme Court instead of Appellate Court, proceedings deemed commenced.* The judgment of the trial court was rendered on the twenty-sixth day of October, 1895. The defendant in the court below prepared his case for review, and filed his petition in error together with a case-made in the Supreme Court on the sixteenth day of January, 1896; the case was afterwards transferred to this court by order of the Supreme Court, and filed in this court, February 23, 1897. *Held, first,* that under section 10, chapter 96,

Laws of 1895, the filing of the record in the Supreme Court was equivalent to filing the same in this court; *second*, that where a party complies with the statute in the commencement of proceedings to vacate a judgment by petition in error and case-made, and by some mishap or mistake such case is filed in the Supreme Court when it should have been filed in the Court of Appeals, such act is deemed and held a commencement of proceedings in error.

Error from Atchison District Court.   Hon. W. D. Webb, Judge.   Opinion filed July 16, 1897.   *Motion to dismiss denied.*

C. D. *Walker* and J. L. *Berry*, for plaintiff in error.
J. T. *Alexander*, for defendant in error.

McELROY, J.  This was an action brought by Timothy D. Sullivan against the Board of County Commissioners of Atchison County.   The case was tried in the District Court, and resulted in a judgment for the plaintiff.   The judgment in the trial court was rendered on the twenty-sixth day of October, 1895.   The defendant in the court below prepared his case for review, and filed his petition in error, together with a case-made, in the Supreme Court on the sixteenth day of January, 1896.   The issuance and service of summons was waived.   The defendant in error filed his motion to dismiss the case for the reasons, *first*, because the amount in controversy is less than two thousand dollars ; *second,* because more than one year having elapsed since the rendition of the judgment in the District Court, said action cannot now be transferred to the Appellate Court.   This motion was submitted to the Supreme Court and after due consideration was overruled, and the record and proceedings transferred by order of the Supreme Court to this court, February 23, 1897, and the case is now before this court upon the motion to dismiss.   The judgment

sought to be reversed was rendered on October 26, 1895, and the case was filed in this court on February 23, 1897. If the filing of the record in the Supreme Court was equivalent to filing the same in this court, then the motion should be denied. The same grounds urged in this motion for dismissal were presented to the Supreme Court. The Supreme Court has authority, under section 13 of the Act of 1895, to prescribe rules and regulations for the transfer of cases to this court, and has ordered and directed such transfer ; its judgment and order are binding and are an adjudication, so far as any question of jurisdiction is concerned.

Section 556, Code of Civil Procedure, reads :

"No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of," etc.

This proceeding to reverse the judgment of the trial court was commenced within the time prescribed by law.

Section 10 of chapter 96, Laws of 1895, reads :

"In the event of any case being sent from a lower court on appeal or writ of error to the wrong court of appeals or to the Supreme Court, it shall be the duty of the court to which the case has thus been sent, immediately upon such fact coming to its attention, to direct its clerk to forward the transcript or record therein, with the order of transfer, to the clerk of the proper Court of Appeals. . . . On the receipt of such record by the proper clerk, he shall at once file the same in his office, and the case shall be proceeded with in the court to which it is transferred as if the same had gone there directly from the trial court."

This makes ample provision for the protection of litigants in just such cases as presented, and confers upon this court authority to proceed in this case as

fully as if it had come to this court directly from the trial court. It is not the policy or spirit of the Code to restrict the right of one to have his case reviewed by a superior court. If, in good faith, he complies with the statutes in the commencement of proceedings to vacate a judgment. by a petition in error and case-made, and by some mishap or mistake such case is filed in the Supreme Court when it should have been filed in the Court of Appeals, such act is deemed and held equivalent to a commencement of such proceedings in error in this court. The Legislature has power and authority to provide for the transfer of cases from one court, to another of competent appellate jurisdiction. *Hentig v. Redden*, 1 Kan. App. 163.

The motion of the defendant in error is denied, and the costs of the motion are taxed to the defendant in error.·