**UNITED STATES of America, Plaintiff,**

v.

**John CHRISTMAN, Defendant.**

**No. CR-74-123 RHS.**

United States District Court, N. D. California.

May 7, 1974.

---

James H. Daffer, Asst. U. S. Atty., N. D. Cal., Dept. of Justice, San Francisco, Cal., for plaintiff.

Gregory S. Stout, San Francisco, Cal., for defendant.

## ORDER

SCHNACKE, District Judge.

At the conclusion of the Government's case, defendant moves for judgment of acquittal.

The Government's evidence has established that defendant, the Regional Chief of Security for a department store chain, was concerned about a variety of reported improprieties arising from the men's shoe department. Solicitation of acts of male and female prostitution, drug traffic, thefts and other misbehavior, including misuse of the telephone system, had been reported.

The store has a closed dial telephone system, intended to be used only for calls within the store, or to other stores of the same chain. Although it is possible for the instruments to be used for calls out into the general telephone system, such calls are forbidden except under special circumstances, and then must be specially placed for the caller by the switchboard operator.

Defendant arranged for an extension telephone to be installed on an extension telephone situated in the shoe department. By means of the extension, he intercepted and recorded certain conversations. The only recorded conversations of which there is evidence are three or four which were made by employees in violation of the regulations of the store relating to telephone use.

Defendant is charged with violation of 18 U.S.C. § 2511(1)(a), it being alleged that he intercepted or procured the interception of a wire communication.

It is plain from an examination of the statute and its legislative history that Congress intended to apply criminal sanctions only to certain limited types of interceptions of communications. See Simpson v. Simpson, 490 F.2d 803 (5th Cir.1974) and United States v. Blattel, 340 F.Supp. 1140 (N.D.Iowa, 1972). A privately operated intercommunication system, not using the facilities of "a common carrier . . . operating such facilities for the transmission of interstate or foreign communications" is not covered by the statute. [§ 2510(1)]

Nor is every oral communication covered, but only one "uttered by a person exhibiting an expectation that such communication is not subject to interception." [§ 2510(2)]

An extension telephone is not an intercepting device within the meaning of the statute. [§ 2510(5)(a)]

In addition, the statute [§ 2511(2)(a)(i)] provides that it is not unlawful for either the operator of a private switchboard, or agents of a communications common carrier to intercept communications in the normal course of employment "while engaged in any activity which is a necessary incident to the rendition of [the] service or to the protection of the rights or property of the carrier of such communication: Provided, That said *communication common carriers* shall not utilize service observing or random monitoring except for mechanical or service quality control checks." (Emphasis added)

Thus, it is noted that random monitoring is forbidden to "communications common carriers" but not to private telephone installations.

When the statute, with its limitations and exceptions, is applied to the Government's evidence, it must be concluded that no violation has been established.

It is doubtful that employees misusing a private telephone system are entitled to any reasonable expectation that the communication is not subject to interception, as required by § 2510(2).

It is plain that defendant, on behalf of his employer, the operator of the private system, was, in the normal course of his employment, seeking to protect the system, the rendition of service, and the rights and property of his employer, which must be deemed to be a private "carrier" (under § 2511(2)(a)((i)) in its operation of the private system.

It is plain, too, that the interceptions were accomplished through a regularly installed extension telephone, which, under § 2510(5)(a), is not an intercepting device.

It is the Government's burden to bring the defendant squarely within the intendment of the statute. If there is any doubt that the statute was intended to, or does, apply to defendant's conduct, the doubt must be resolved in the defendant's favor. Here, where it seems plain that the conduct is not proscribed, the defendant's motion for judgment of acquittal must be granted.

It should be pointed out that it is *not* held that wire tapping is to be condoned, or, in circumstances other than those shown here, that the same results would obtain.

The defendant is discharged.