No. 48,675

STATE OF KANSAS, *Appellee,* v. HAROLD L. ERVIN, *Appellant.*

(573 P.2d 600)

Opinion filed December 10, 1977.

*F. Lawrence McAulay, Jr.,* of Shawnee Mission, argued the cause and was on the brief for the appellant.

*David W. Hughes,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Harold L. Ervin was convicted by a jury of burglary (K.S.A. 21-3715). On appeal the defendant contends the trial court erred in overruling his motion for judgment of acquittal and motion for new trial as the evidence did not satisfy the entry requirement of the burglary statute (K.S.A. 21-3715). The defendant further contends K.S.A. 21-3715 is unconstitutionally vague for failure to define the element of entry with sufficient particularity to inform the defendant of the conduct proscribed.

A witness testified he saw the defendant stick his arm through the roof of a convertible which was parked in a shopping center. The defendant then repeated the act. The witness knew the owner of the vehicle. The defendant left the scene when the witness approached. At the time of the incident the vehicle was locked and a purse was in plain view on the passenger's seat. The defendant was reaching into the vehicle through a slit in the top on the passenger's side. The slit had not been in the top prior to the incident. The defendant contends reaching through the top does not constitute sufficient entry to satisfy the entry requirement of K.S.A. 21-3715.

The Kansas Criminal Code does not define "entering" and this court has not defined same. Black's Law Dictionary 627 (4th ed. 1968) states:

"In cases of burglary, the least entry with the whole or any part of the body,

hand, or foot, or with any instrument or weapon, introduced for the purpose of committing a felony, is sufficient to complete the offense. 3 Inst. 64."

The defendant relies heavily on the Missouri case of *State v. Pigques,* 310 S.W.2d 942 (1958). In that case the defendant had broken an outer wooden door but was discovered before the wire inner door had been breached. The building involved was a poultry house and, apparently, the two doors were both exterior doors, with one directly behind the other. The defendant in *Pigques* was convicted of attempted burglary and he argued on appeal that the conviction should have been for burglary since entry had been made. The court held that there had been no physical entry within the building and, accordingly, there was no burglary.

In the case at hand the jury was instructed on burglary and also on attempted burglary as a lesser included offense. The jury convicted the defendant of the charged offense of burglary. The defendant argues he was reaching for the lock and not for the purse and that the remaining barrier, *i.e.,* the door, had not been broken. The court, after careful review of the record, finds said contention is without merit. There was sufficient evidence of entry to support the burglary conviction.

The defendant next argues the burglary statute is unconstitutionally vague. This point was not raised before the trial court. There is no review of constitutional issues asserted for the first time on appeal. See *State v. Ambler,* 220 Kan. 560, 552 P.2d 896.

The judgment is affirmed.