No. 52,011

NATIONAL COOPERATIVE REFINERY ASSOCIATION, a corporation, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MCPHERSON, KANSAS; LENORA CLAYPOOL, as County Treasurer of said County; and MARGARET BRYAN, County Clerk of said County, *Appellees.*

(618 P.2d 1176)

Opinion filed November 1, 1980.

*Emmet A. Blaes,* of Jochems, Sargent & Blaes, P.A., of Wichita, argued the cause, and *Richard A. Loyd,* of the same firm, was with him on the brief for the appellant.

*Gary L. Flory,* of Flory & Karstetter, of McPherson, argued the cause, and *Lowell A. Flory,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

MILLER, J.: This tax protest action involves but one principal issue: whether K.S.A. 79-1422 authorizes the imposition of a 50% penalty for late filing of a list of tangible personal property. Appellant is the taxpayer, National Cooperative Refinery Association, a corporation, which we shall refer to as the Co-op. Appellees are the County Clerk, County Treasurer, and Board of County Commissioners of McPherson County, Kansas, whom we shall refer to collectively as the County.

We will summarize the facts which were stipulated by the parties. The Co-op has a large oil refinery in McPherson County and it has extensive personal property and refining equipment located in that county and subject to taxation. K.S.A. 79-306 requires corporations, including the Co-op, to make and file a statement listing all tangible personal property and to deliver that list to the county assessor by April 1 of each year. The Co-op discovered, in early July, 1978, that it had not filed its listing of personal property for that year. About the same time, the county assessor's office called the Co-op and asked about the listing. Within a few days the Co-op completed the list and filed it with

the County on July 14, 1978. Upon receipt of the list, the County assessed a penalty by raising each of the valuations by 50%. The first half of the Co-op's 1978 personal property taxes, based upon the assessed valuation of its tangible personal property, was $213,411.44. The 50% penalty increase amounted to $106,705.88. Thus the total of the first half of its 1978 personal property taxes amounted to $320,117.32. On December 18, 1978, the Co-op paid the latter amount to the County and, pursuant to K.S.A. 79-2005, protested payment of taxes on the penalty in the amount of $106,705.88. On January 12, 1979, and within 30 days after payment of taxes, the Co-op commenced this action in the McPherson district court for recovery of the protested taxes. Like figures are found in the last half of the Co-op's 1978 taxes which were similarly paid on June 14, 1979. The parties have stipulated that the determination made in this action shall control as to the penalty on the full tax.

The trial court held that the imposition of the 50% penalty was proper and that the facts fall squarely within the provisions of K.S.A. 79-1422. Relief was denied. The taxpayer appeals.

K.S.A. 79-306 and K.S.A. 79-1422 were enacted as sections 1 and 2, respectively, of chapter 355 of the Laws of Kansas for 1972.

K.S.A. 79-306 reads:

"Between January 1 and March 1 of each year, every person, except a corporation, domestic or foreign, in which case the filing date shall be April 1, required by this act to list property shall make and sign a statement listing all tangible personal property which by this act he or she is required to list, either as the owner thereof, or as parent, guardian, trustee, executor, administrator, receiver, accounting officer, partner or agent as the case may be and deliver the same to the county assessor of the county where such property has its situs for the purpose of taxation: *Provided,* That property of merchants required to list property under the provisions of K.S.A. 79-1001a shall be listed and filed on or before April 15 of each year."

### K.S.A. 79-1422 provides:

"In case any person required to file a statement of assessment under the provisions of this act fails to make and file such statement on or before the date prescribed by K.S.A. 79-306, and amendments thereto, but shall file a statement:

"1. Within fifteen (15) days thereafter, the assessor shall, after he or she has ascertained the value of the property of such taxpayer, add ten percent (10%) to the assessed taxable value as a penalty for late filing;

"2. Between fifteen (15) to thirty (30) days thereafter, the assessor shall after he or she has ascertained the value of the property of such taxpayer, add twenty percent (20%) to the assessed taxable value as a penalty for late filing;

"3. Between thirty (30) to forty-five days thereafter, the assessor shall after he or she has ascertained the value of the property of such taxpayer, add thirty percent (30%) to the assessed taxable value as a penalty for late filing: *Provided,* that for good cause shown the county assessor or county clerk acting as county assessor may extend the time in which to make and file such statement: *Provided further,* That such request for extension of time must be in writing and shall state just and adequate reasons on which the request may be granted. The request must be received by the county assessor or county clerk acting as assessor prior to the due date of the return.

"In every case where any person shall refuse or fail to make out and deliver to the statement required under this act, the assessor shall proceed to ascertain the number of each description of the several enumerated articles of the property and the value thereof, and for this purpose he or she may examine on oath any person or persons whom he or she may suppose to have knowledge thereof; and such assessor shall make a note of such refusal or failure in a column opposite the person's name, and shall add to the assessed taxable value fifty percent (50%) of the assessed taxable value."

We should first state the rules of statutory construction here applicable. The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *State ex rel. Stephan v. Lane,* 228 Kan. 379, 390, 614 P.2d 987 (1980); *Nordstrom v. City of Topeka,* 228 Kan. 336, Syl. ¶ 1, 613 P.2d 1371 (1980); *State v. Luginbill,* 223 Kan. 15, 19, 574 P.2d 140 (1977).

Tax statutes will not be extended by implication beyond the clear import of language employed therein, and their operation will not be enlarged so as to include matters not specifically embraced. Where there is reasonable doubt as to the meaning of a taxing act, it will be construed most favorably to the taxpayer. *Fleming Company v. McDonald,* 212 Kan. 11, Syl. ¶ 1, 509 P.2d 1162 (1973); *Grauer v. Director of Revenue,* 193 Kan. 605, Syl. ¶ 3, 396 P.2d 260 (1964); *Equitable Life Assurance Society v. Hobbs,* 154 Kan. 1, 114 P.2d 871 (1941).

Penal statutes must be statutorily construed in favor of the persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. *State v. Luginbill,* 223 Kan. at 19, relying upon *State v. Bishop,* 215 Kan. 481, 483, 524 P.2d 712 (1974) and *State, ex rel., v. American Savings Stamp Co.,* 194 Kan. 297, 300, 398 P.2d 1011 (1965).

Applying these rules, it is clear that K.S.A. 79-1422 directs the assessor to add a penalty of 10% to the assessed taxable value of the property as a penalty for late filing when the taxpayer fails to file the required statement by April 1 but files it within 15 days thereafter. Similarly, if the statement is filed between 15 to 30 days after April 1, the penalty is 20%; if between 30 and 45 days after April 1, the penalty is 30%.

The issue here relates to the period after the 45th day. The statute contains no express provision governing the imposition of a penalty upon a taxpayer who files the statement more than 45 days after April 1. The final paragraph of K.S.A. 79-1422 provides in substance that when the taxpayer *refuses* or *fails* to file a statement, then the assessor shall proceed to inventory the property, determine the value, make a note of the taxpayer's refusal or failure, and add a penalty of 50% to the assessed taxable value. In the case before us, the taxpayer neither *failed* nor *refused* to make out and deliver the required statement to the assessor. The County was not burdened with the additional duty of making an on-sight inspection, cataloguing the personalty, appraising its value, or examining on oath persons having knowledge thereof. The taxpayer compiled and filed the required statement, although it was tardy in doing so.

It is obvious that the purpose of the act is to require the designated taxpayers to compile and deliver to the county taxing officers lists of tangible personal property by a fixed date. Graduated penalties encourage earlier filing; but no penalty for those who voluntarily file after the 45th date is stated.

Did the legislature intend to equate those who file on the 46th day with those who refuse to file? Was a separate paragraph, assessing a penalty between 30% and 50% for those who file after the 45th day, inadvertently omitted from the statute? We cannot answer these questions from a careful reading of the statute. The class in which this taxpayer falls has been omitted from the statute. We cannot expand the statute to include this class, although it may have been the intent of the legislature to include it. See *Ballweg v. Farmers Ins. Co.* 228 Kan. 506, 618 P.2d 1171 (1980).

K.S.A. 79-332, requiring the filing of property lists by owners of oil and gas leases, contains similar provisions and similar language; it, too, imposes graduated penalties for failure to timely

file. We considered that statute in *Walkemeyer v. Stevens County Oil & Gas Co.*, 205 Kan. 486, 470 P.2d 730 (1970). The taxpayer in that case, however, filed the required statement on April 11, and fell squarely within the express provisions of the statute. We concluded that the imposition of the 10% penalty for late filing was lawfully imposed. In the course of the opinion, we stated:

"[T]he power to impose penalties on delinquent taxpayers is conferred only by statute, and before a penalty may be assessed, the record must clearly disclose the case comes squarely within the provisions of the statute." (p. 490.)

Such is not the case here.

We conclude that K.S.A. 79-1422 does not authorize imposition of the penalty here assessed against the taxpayer, and that the taxes protested must be refunded. In view of our disposition of the case, we need not reach other points presented in the briefs.

The judgment of the district court is reversed and the case is remanded with directions to order the refund.