No. 52,482

STATE OF KANSAS, *Appellant,* v. JOHN JONES, *Appellee.*

(625 P.2d 503)

Opinion filed March 25, 1981.

*Geary N. Gorup,* county attorney, and *Robert T. Stephan,* attorney general, were on the brief for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the State upon questions reserved, K.S.A. 1980 Supp. 22-3602(*b*)(3), following the trial and acquittal of John Jones, who was charged in separate complaints with cruelty to animals, in that he intentionally killed a dog in violation of K.S.A. 1979 Supp. 21-4310(1)(*a*), and injury to a domestic animal, in that he wilfully and maliciously killed a dog without the owner's consent, in violation of K.S.A. 21-3727(1)(*c*).

Trial was held before the judge on stipulated evidence. Jones lives in a rural home, north of Towanda. He had been experiencing problems with dogs coming onto his property and disturbing his livestock and property. On April 5, 1980, Jones saw three dogs which had destroyed some Easter baskets purchased for his children; the baskets had been in the cab of his pickup truck, parked on his land. When Jones discovered the damage, two of the dogs ran away; he shot and killed the third dog, an 18-month old Brittany which belonged to Fred Nungesser. Jones was at no time in fear of personal injury from the dog, and it did not menace any other human being, farm animal, or farm property. Nungesser did not authorize the killing of his dog.

Jones was initially charged with cruelty to animals under K.S.A. 1979 Supp. 21-4310. That statute, so far as is material here, provides:

"21-4310. **Cruelty to animals.** (1) Cruelty to animals is:
"(a) Intentionally killing . . . any animal;

"(2) The provisions of this section shall not apply to:

. . . .

"(g) the killing of any animal by any person at any time which may be found outside of the owned or rented property of the owner or custodian of such animal and which is found injuring or posing a threat to any person, farm animal or property . . . ."

Before that case went to trial, Jones was charged in a separate complaint with injuring a domestic animal in violation of K.S.A. 21-3727. That statute provides:

"21-3727. **Injury to a domestic animal.** (1) Injury to a domestic animal is willfully and maliciously:

. . . .

"(c) Killing, maiming, or wounding any domestic animal of another without the consent of the owner."

The two cases were consolidated for trial. The State acknowledges that since the charges arose out of the same event, they were alternative; defendant could only be convicted of one, but not both, offenses. At the close of trial, the judge ruled that the defendant was not guilty of a violation of K.S.A. 1979 Supp. 21-4310(1)(a) because immediately prior to the killing, Jones found the dog injuring property—the Easter baskets, and thus subsection (2)(g) provided a complete defense. The court also found that subsection (2)(g) of 21-4310 provided a complete defense to the charge of violation of K.S.A. 21-3727, and that one has a common-law right to kill a domestic animal in order to protect private property.

Two issues are presented. The first is the State's contention that the exception contained in K.S.A. 1979 Supp. 21-4310(2)(g) should apply only to animals which are found injuring or posing a threat to any person, farm animal or *farm* property. The State contends that the legislature did not intend to include *all* property, only "farm" property. We disagree. K.S.A. 47-646 makes it lawful to kill a dog "which may be found injuring or attempting to injure any cattle, hogs or sheep." By inclusion of the term "property" in the exception contained in subsection (2)(g), we think the legislature intended to enlarge the exception to property other than farm animals, and to property other than that which may be classified as "farm property." We are not unmindful of the State's contention that one charged with violation of K.S.A. 1979 Supp. 21-4310(1)(a) might seek to defend by showing that the dog

dug a hole in the lawn, or merely broke a blade of grass on the property of the accused; we leave the determination of the sufficiency of such defenses to juries and the trier of fact.

Finally, the State contends that subsection (2)(*g*) does not provide a defense to a charge of violation of K.S.A. 21-3727. The point is well taken. K.S.A. 1979 Supp. 21-4310(2) provides that "The provisions *of this section* shall not apply . . . ." The provisions of subsection (*g*), therefore, by the express terms of the statute, apply only to charges arising under that section of the statute. K.S.A. 21-3727 contains no similar exception. It prohibits the *malicious* killing of domestic animals, and the factual background of the killing will provide in each case the basis for determination of whether the killing was malicious—wilfully doing a wrongful act without just cause or excuse. *State v. Jensen,* 197 Kan. 427, 437-39, 417 P.2d 273 (1966). The burden of establishing maliciousness is, of course, upon the State. By way of defense, the accused may contend that the killing was justified under the circumstances, and that it was necessary to protect his livestock, his property, or someone's life. The trier of fact must then determine whether guilt beyond a reasonable doubt—including maliciousness—has been established. What we hold here is simply that the exception contained in 1979 Supp. 21-4310(2)(*g*) does not apply to prosecutions under 21-3727; it simply provides an exemption from prosecution for cruelty to animals, of a person who kills a dog or other domestic animal which is found destroying property. Both K.S.A. 47-646 and 1979 Supp. 21-4310(2)(*g*) contemplate an emergency situation: the dog is found in the act of injuring or presenting an immediate threat of injury; the killing takes place at that time, or within the pursuit which follows. See *McDonald v. Bauman,* 199 Kan. 628, 433 P.2d 437 (1967). Whether a killing is malicious, under K.S.A. 21-3727, is a question of fact to be decided in each case.

The trial court's determination that K.S.A. 1979 Supp. 21-4310(2)(*g*) provides a defense to a prosecution under 21-4310 was correct; its determination that the same subsection provides a defense to a prosecution under K.S.A. 21-3727 was in error.

The appeal is sustained.