No. 53,124

STATE OF KANSAS, *Appellee,* v. KENNETH A. CREASE, *Appellant.*

(638 P.2d 939)

Opinion filed January 15, 1982.

*Steven C. Sherwood,* of Wichita, argued the cause and was on the brief for the appellant.

*Jack Peggs,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This case involves convictions on multiple counts of burglary and felony murder (K.S.A. 21-3401). The defendant, Kenneth A. Crease, was a juvenile, age 16. After his involvement in the crimes was discovered, defendant was certified for trial as an adult. Although convicted on fourteen counts, the defendant appeals only on three counts: Count 13, involving aggravated burglary of a private residence, and Counts 16 and 17, involving two homicides committed during the burglary of the Temple home in Wichita.

Defendant's first point on the appeal pertains to Count 13 charging aggravated burglary of the Billings residence in Wichita under K.S.A. 21-3716. The Billings break in occurred on August 30, 1979. According to the State's evidence, the defendant, Crease, and his accomplice, Edwards, went to the Billings home at about 3:30 a.m. on August 30. They cut the telephone wires and, as they were in the process of entering the home, were frightened away. On the appeal, the defendant contends that the trial court erred in failing to sustain the defendant's motion for acquittal because the State failed to prove two essential elements of aggravated burglary: (1) That there was a person on the premises at the time the burglary was committed, and (2) that there was a sufficient entry of the Billings residence to constitute the completed offense of burglary.

Although there was some uncertainty as to the exact date when the Billings burglary was committed, the owner of the premises, Billings, testified that he was at home on the evening of August 30, 1979, and the next morning he discovered that two storm windows had been removed and the telephone wires had been cut. Defendant's accomplice testified that he and the defendant were at the Billings residence early in the morning at which time the telephone wire cuts were made. This evidence was sufficient to establish that Mr. Billings was at home when the burglary was committed.

The defendant's second contention in regard to this point is that, although the defendant and his accomplice removed a storm window from the house and were beginning to remove the inside window, they did not actually raise or disturb the inside window and, therefore, no entry into the house had been completed sufficient to constitute the crime of burglary. In *State v. Ervin,* 223 Kan. 201, 573 P.2d 600 (1977), it was held that there was sufficient evidence to convict on a charge of burglary where the defendant reached into a convertible through a slit in the top of the passenger's side. In *State v. Gatewood,* 169 Kan. 679, 221 P.2d 392 (1950), it was held that opening a closed outer screen door of a dwelling house of another was sufficient to establish a felonious breaking and entering into the house, although the glass door on the house was not opened. *Gatewood* relied in part on *State v. Moon,* 62 Kan. 801, 64 Pac. 609 (1901). See also 13 Am. Jur. 2d, Burglary § 19, p. 331, and the annotation in 23 A.L.R. 112. Here it is undisputed that the defendant invaded the space between the outer storm window and the inner window. We hold under the circumstances there was sufficient evidence of entry to the house to support the aggravated burglary conviction under Count 13.

The defendant's second and third points on the appeal are concerned with the felony murder Counts 16 and 17 which involve the killing of Mr. and Mrs. Temple at their home at the time when the residence was being burglarized by the defendant and his accomplice, Edwards. The defendant admitted that he was in the Temple home for the purpose of committing burglary at the time Mr. and Mrs. Temple were shot. Edwards testified that after removing money from a purse at the home, he and defendant shined a flashlight beam into a bedroom and observed a couple

sleeping. According to Edwards, the defendant at that time said, "Let's shoot them." The defendant then shot and killed Mrs. Temple, and Edwards shot and killed Mr. Temple. According to the defendant's version he was in another room of the house when he heard a loud explosion and took off running toward an exit. Defendant denied any actual participation in the shooting of Mr. and Mrs. Temple.

Defendant maintains that the trial court erred in failing to sustain defendant's motion for acquittal on the two homicide counts because the State's expert pathologist failed to identify the two bodies which he examined as being those of Mr. and Mrs. Temple. We find this point to be wholly without merit. During the trial, Dr. Taylor, a pathologist of Wichita, testified that on the day of the homicide he performed post-mortem examinations on two bodies *identified to him as Mr. and Mrs. Temple.* The identification of the bodies as those of the Temples was never disputed at any time during either direct or cross-examination. Furthermore, the evidence was undisputed, and the defendant admitted, that two people were killed in the Temple house during the course of the burglary discussed above. We find that the evidence was sufficient to identify Mr. and Mrs. Temple as the persons who were killed during the course of the burglary at their home.

Defendant's third point is that the trial court erred in failing to instruct the jury on malice, premeditated first-degree murder, and on the lesser degrees of homicide. In his brief, the defendant attacks the basic concept of the felony-murder rule and, in effect, argues that the felony-murder rule should be abolished. The felony-murder doctrine is well established in Kansas and throughout the United States. We have been shown no sufficient reason to abolish it. The crime of felony murder was created by statute (K.S.A. 21-3401). The elements of the offense are well defined and convictions of felony murder have been upheld in many cases.

In the case now before us, the evidence was undisputed that the two homicides occurred during the burglary of the Temple home. Defendant either fired some of the shots himself or all the shots were fired by his accomplice during the course of the burglary. In the latter event, the defendant could properly be convicted as an aider and abettor. Under either version of the evidence, the

evidence was undisputed that the two homicides occurred during the burglary of the Temple home by the defendant and his accomplice. Thus, the defendant was either guilty of felony murder or nothing. Hence' instructions on other types of homicides were not required.

The judgment of the district court is affirmed.