No. 53,743

STATE OF KANSAS, *Plaintiff-Appellant*, v. BOWMAN NATIONAL SECURITY AGENCY, INC., DAN J. LOVELAND, JAMES E. MCADAMS, GARRY TALLY, *Defendants-Appellees.*

(647 P.2d 1288)

Opinion filed July 16, 1982.

*Richard Ballinger,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for the appellant.

*Kiehl Rathbun,* of Shawver & Rathbun, of Wichita, and *Mel Gregory,* of Wichita, argued the cause and were on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the State in a criminal action seeking the determination of a question reserved as authorized by K.S.A. 22-3602(*b*)(3). The State seeks an interpretation of certain language in the section of the Kansas Criminal Code which covers the crime of eavesdropping.

The defendants were charged with eavesdropping (K.S.A. 21-4001[1][*c*]) and also breach of privacy (K.S.A. 21-4002). Those statutes provide in part as follows:

"21-4001. **Eavesdropping.** (1) Eavesdropping is knowingly and without lawful authority:

"(*a*) Entering into a private place with intent to listen surreptitiously to private conversations or to observe the personal conduct of any other person or persons therein; or

"(*b*) Installing or using outside a private place any device for hearing, recording, amplifying, or broadcasting sounds originating in such place, which sounds would not ordinarily be audible or comprehensible outside, *without the consent of the person or persons entitled to privacy therein;* or

"(*c*) Installing or using any device or equipment for the interception of any telephone, telegraph or other wire communication *without the consent of the person in possession or control of the facilities for such wire communication.*

"(2) A 'private place' within the meaning of this section is a place where one may reasonably expect to be safe from uninvited intrusion or surveillance, but does not include a place to which the public has lawful access."

"21-4002. **Breach of privacy.** (1) Breach of privacy is knowingly and without

lawful authority:

"(a) Intercepting, *without the consent of the sender or receiver,* a message by telephone, telegraph, letter or other means of private communication; or

"(b) Divulging, *without the consent of the sender or receiver,* the existence or contents of such message if such person knows that the message was illegally intercepted, or if he illegally learned of the message in the course of employment with an agency in transmitting it.

"(2) Subsection (1) (a) of this section shall not apply to messages overheard through a regularly installed instrument on a telephone party line or on an extension." (Emphasis supplied.)

The defendants and the State waived trial by jury and the case was tried to the court. The evidence in the case disclosed the following undisputed facts: In January of 1981, the Farm Credit Bank of Wichita entered into a contract with Bowman National Security Company, Inc., to provide security at the bank. The security company was provided a small booth on the first floor in the main lobby of the bank. This "security booth" was equipped with video monitors, radio dispatch equipment, and other equipment. It also contained a telephone with an internal bank communication line and a direct outside line and a log on which bank employees were to sign in and out. The telephone in the security booth had a sign on it which indicated it was to be used only for business purposes, and the bank employees understood that no personal calls were to be made over that telephone. The security booth was to be manned at all times by an employee of Bowman National Security Agency.

Three of the employees of Bowman National Security Company were the defendants, Dan J. Loveland, James E. McAdams, and Garry Tally. At the direction of the company's managing officers, these defendants participated in the installation of a recording device on the telephone located in the security booth. The evidence disclosed that every time the telephone receiver was picked up, the tape recorder automatically started. This prosecution arose when one of the employees of the security company, Randy Gray, had one of his telephone conversations recorded and as a result thereof, was demoted. Gray had a conversation with an employee of the bank in a call which appeared to be personal in nature. Other controversies arose between Gray and his supervisors, and Gray was demoted. He complained about the recording device to the KBI, which obtained a search warrant. It investigated the situation at the security booth and recovered the tape recorder. This information was

turned over to the district attorney, who charged Bowman National Security Agency and its employees, Dan J. Loveland, James E. McAdams, and Garry Tally, with eavesdropping as defined in K.S.A. 21-4001(1)(*c*).

Following the presentation of the State's evidence, the defendants jointly moved for their acquittal on both counts. The trial court discharged all defendants on Count 1 for the stated reason that the security company and its employees were "in control of the telephone facility" within the meaning of K.S.A. 21-4001(1)(*c*) and had consented to the installation and use of the recording device which, as noted above, was a defense under the statute. The trial court discharged all of the defendants on Count 2, the breach of privacy charge, on the basis that, under the factual circumstances present in the case, users of the telephone had no reasonable expectation of privacy, since signs in the vicinity of the telephone clearly indicated that the telephone was not to be used for personal communications. The propriety of the trial court's ruling on Count 2 is not before the court on this appeal.

Following the discharge of the defendants, the State filed this appeal under K.S.A. 22-3602(*b*)(3). The question reserved by the prosecution is stated in its brief as follows: Whether the phrase in K.S.A. 21-4001(1)(*c*), "without the consent of the person in possession or control of the facilities for such wire communication," refers to the consent of the individual *using* the facility or the person who has legal access and control of the facility. Stated in another way, we understand the issue to be as follows: Is it a violation of K.S.A. 21-4001(1)(*c*) for the owner of a telephone communication facility or a security agency employed by the owner to install or use a recording device on the telephone where the owner or installer had control of the communication facility at the time the installation or use was made?

It is the position of the State that the person in possession or control of the facility means the individual actually using the facility whose private communication is intercepted by the recording device. Simply stated, it is the position of the defendants that the words mean exactly what they appear to say and that, under the statute, the person in possession or control of the facility is the owner of the telephone facility or a person who is in possession and control of the facility with the authority of the owner. We turn now to a resolution of the controversy.

At the outset, it should be stated that the statutes of the various states pertaining to wiretapping or eavesdropping or breach of privacy are not consistent in their language and vary with the specific statutory language adopted by each state legislature. The specific language in the Kansas statute involved in this case was mentioned in the opinion *State v. Wigley,* 210 Kan. 472, 502 P.2d 819 (1972). On page 477 of the opinion, Justice Fontron points out that:

"The final clause of the statute 'without the consent of the person in possession or control of the facilities for such wire communication' does not appear in either the Model Penal Code, the federal statute or the American Bar Standards, and no help is forthcoming from these sources as to the meaning or construction of the phrase."

He noted that, in construing the statute, we are left to our own bare-bone resources.

There is a general discussion in an annotation covering the subject of state regulation of wiretapping in 74 A.L.R.2d 855. In that annotation, cases from a number of states are cited which illustrate the wide variation in the statutory language. We note that some states make it a crime to install wiretapping equipment without prior court approval. Other states require that a notice be given to the telephone company or the attorney general or the district attorney or the public at large before installation or use of a telephone recording device. See, for example, *People v. McCauley,* 192 Colo. 545, 561 P.2d 335 (1977), which involved a Colorado statute permitting the installation and use of wiretapping devices for security purposes, only if reasonable notice of the use of such device is given to the public. See also *United States v. Christman,* 375 F. Supp. 1354 (N.D. Cal. 1974), which exempted private telephone installations from the application of the federal wiretapping statute (18 U.S.C. § 2511[2]).

In the *Wigley* opinion, it is stated that the Kansas statute, K.S.A. 21-4001(1)(*c*), is unique in the use of the words "without the consent of the person in possession or control of the facilities for such wire communication." In construing criminal statutes, under our decisions we are required to place a strict construction on the language used therein. *State v. Mauldin,* 215 Kan. 956, 959, 529 P.2d 124 (1974). Likewise, in construing statutes it is the usual practice for courts to take into consideration other statutory enactments on the same subject which might shed light on the

legislative intent. *Claflin v. Walsh,* 212 Kan. 1, 8, 509 P.2d 1130 (1973).

We believe the answer to the question presented may be found in the language used in K.S.A. 21-4001 and K.S.A. 21-4002 which are quoted in full above. It should be noted that under K.S.A. 21-4001(1)(*b*) it is a crime to install a recording device in a private place "without the consent of the person or persons entitled to privacy therein." In K.S.A. 21-4002(1)(*a*) and (*b*) it is a criminal breach of privacy to intercept or divulge a telephone message "without the consent of the sender or receiver." Compare this statutory language with that used in K.S.A. 21-4001(1)(*c*) which, in substance, makes it a criminal offense to install or use a recording device or equipment "without the consent of the person in possession or control of the facilities for such wire communication." It is obvious to us that the legislature, by using the language it did in K.S.A. 21-4001(1)(*c*), "without the consent of · the person in possession or control of the facilities," was referring to the owner of the telephone or some person authorized by the owner to possess and control the telephone facility. If the legislature had intended that language to include only the sender or receiver of a telephone message, it could have specifically so provided as it did in K.S.A. 21-4001(1)(*b*) and K.S.A. 21-4002(1)(*a*) and (*b*).

We have, therefore, concluded and we hold that the phrase "without the consent of the person in possession or control of the facilities for such wire communication" means without the consent of either the owner of the telephone facility or a person who has been given the possession or control of the facility by the owner. K.S.A. 21-4001(1)(*c*) does not refer to the consent of the sender or receiver of a particular telephone communication. We want to make it clear that K.S.A. 21-4002, which provides for the crime of breach of privacy, is not involved in this case and our decision is restricted exclusively to the question of the meaning of the language in K.S.A. 21-4001(1)(*c*).

For the reasons set forth above, the appeal of the State from the decision of the district court construing the statute is denied.