No. 54,419

STATE OF KANSAS, *Appellant,* v. ROLAND C. MARTIN, *Appellee.*

(658 P.2d 1024)

Opinion filed February 19, 1983.

*Paul J. Morrison,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

FLOYD H. COFFMAN, District Judge, Assigned: Roland Martin was acquitted on charges of eavesdropping pursuant to K.S.A. 21-4001. The State of Kansas appeals.

This case involves an unusual set of facts. Photography was a diversion of Roland Martin. He invited females as young as fifteen to his attic studio to photograph them modeling clothes. When the women changed outfits the defendant would go outside the studio and close the door. The women would call the defendant back into the room when they had finished changing. What the models did not realize was that they were being photographed while they were changing outfits.

The defendant had installed a one-way mirror in the studio and had drilled a hole through the wall behind the mirror. The hole was large enough for a camera lens. When police searched the house, they found a camera tripod in a crawl space situated next to the mirrored wall, outside the studio. A squeeze bulb device to activate a camera was found near the door to the studio. Officers discovered photographs of women partially clothed in the defendant's house.

The State charged the defendant with twelve counts of eavesdropping pursuant to K.S.A. 21-4001. The State presented evidence at a trial to the court on six of the counts. The trial court acquitted the defendant on all counts.

To crystallize this appeal, jurisdictional issues are first resolved. The State appealed the trial court's decision to the appellate court pursuant to K.S.A. 22-3603:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

None of the orders enumerated in the statute were made by the trial court in this case. The statute cannot be utilized as the basis for appeal.

Judgments of acquittal cannot be appealed. *State v. Whorton,* 225 Kan. 251, 589 P.2d 610 (1979); *State v. Crozier,* 225 Kan. 120, 587 P.2d 331 (1978). In *Crozier* the opinion by Justice Prager quotes at page 124 and approves at page 126 after examination from *State v. Gustin,* 212 Kan. 475, 479-80, 510 P.2d 1290 (1973), as follows:

" 'A judgment of acquittal, whether resulting from a jury verdict or ordered by the court, correctly and incorrectly arrived at, terminates the prosecution; and the double jeopardy clause of the fifth amendment bars further proceedings against the defendant for the same offense.   .   .   .   If the trial court grants a motion for acquittal, even after a verdict finding defendant guilty, the order is final and *not appealable by the state.* Appellate review of the decision after acquittal would constitute double jeopardy.' (Emphasis supplied.)" *State v. Crozier,* 225 Kan. at 124.

See also motion for judgment of acquittal, K.S.A. 22-3419; K.S.A. 21-3108(1)(*a*).

Although the judgment of acquittal may not be appealed, a question may be reserved for appeal. K.S.A. 22-3602(*b*) controls appeals by the State in criminal prosecutions:

"(*b*) Appeals to the supreme court may be taken by the prosecution from cases before a district judge or associate district judge as a matter of right in the following cases, and no others:
"(1) From an order dismissing a complaint, information or indictment;
"(2) From an order arresting judgment;
"(3) Upon a question reserved by the prosecution."

Jurisdiction is taken in this appeal upon a question reserved even though the State has improperly appealed to the Court of Appeals instead of to this court. K.S.A. 20-3018(*a*) provides in part:

"No case docketed either in the supreme court or the court of appeals shall be dismissed solely for the reason of having been filed in the wrong court, but shall be transferred by the supreme court to the court which the supreme court determines to have jurisdiction. Any such case shall be considered timely and properly filed in the court to which it is transferred."

See *Atchison County v. Sullivan*, 6 Kan. App. 100, 49 Pac. 677 (1897).

Neither is the failure to cite the proper appellate statute a jurisdictional prerequisite. See *State v. Grimes*, 229 Kan. 143, 622 P.2d 143 (1981); *State v. Whorton*, 225 Kan. 251. The legislature has authorized various appeals. The right to appeal should not be unduly restricted. But, appeals on questions reserved by the prosecution will not be entertained merely to demonstrate whether or not errors have been committed by the trial court. Such questions must be of statewide interest and answers thereto must be vital to a correct and uniform administration of the criminal law. *State v. Lamkin*, 229 Kan. 104, Syl. ¶ 2, 621 P.2d 995 (1981). The State poses the question: Does the taking of surreptitious photographs of an individual in a private place by use of a hidden camera constitute a violation of K.S.A. 21-4001? The issue raised satisfies the standard stated. See *State v. Smith*, 232 Kan. 128, 652 P.2d 703 (1982); *State v. Bowman National Security Agency, Inc.*, 231 Kan. 631, 647 P.2d 1288 (1982); *State v. Jones*, 231 Kan. 366, 644 P.2d 464 (1982); *State v. Busse*, 231 Kan. 108, 642 P.2d 972 (1982); *State v. Jones*, 229 Kan. 528, 625 P.2d 503 (1981), for other appeals upon questions reserved.

We now turn to the question reserved. Eavesdropping is prohibited by K.S.A. 21-4001:

"(1) Eavesdropping is knowingly and without lawful authority:

"(a) Entering into a private place with intent to listen surreptitiously to private conversations or to observe the personal conduct of any other person or persons therein; or

"(b) Installing or using outside a private place any device for hearing, recording, amplifying, or broadcasting sounds originating in such place, which sounds would not ordinarily be audible or comprehensible outside, without the consent of the person or persons entitled to privacy therein; or

"(c) Installing or using any device or equipment for the interception of any telephone, telegraph or other wire communication without the consent of the person in possession or control of the facilities for such wire communication.

"(2) A 'private place' within the meaning of this section is a place where one may reasonably expect to be safe from uninvited intrusion or surveillance, but does not include a place to which the public has lawful access."

The trial court following oral argument determined the defendant's activities were not clearly proscribed by the statute and stated:

"Now, there might be a violation, if you construed subsection (a) in its broadest terms, eavesdropping is knowingly and without lawful authority entering into a private place with an intent to listen surreptitiously to private conversations or to observe the personal conduct of another person or persons therein. Frankly, I find the language to be so ambiguous, so vague, so indefinite that it is impossible for this Court to say that the Legislature intended to proscribe the actions of the defendant."

Penal statutes must be strictly construed in favor of the persons sought to be subjected to them. The rule of strict construction simply means ordinary words are to be given their ordinary meaning. The statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. *National Cooperative Refinery Ass'n v. Board of McPherson County Comm'rs,* 228 Kan. 595, 618 P.2d 1176 (1980).

K.S.A. 21-4001(1)(*a*) is the statutory provision the defendant potentially violated. Entry into a private place to listen surreptitiously or observe the personal conduct of another is required to show a violation of the statute.

Burglary cases provide guidance in determining if an entry was achieved. Removing a storm window on a house, and beginning to remove the inside window without actually raising or disturbing the inside window, is an entry. *State v. Crease,* 230 Kan. 541, 638 P.2d 939 (1982). Putting a hand through a slit in the top of a convertible has been held an entry. *State v. Ervin,* 223 Kan. 201, 573 P.2d 600 (1977). Entry may be accomplished with a part of the body or an instrument. *State v. Ervin,* 223 Kan. at 201-02. The defendant cut a hole through the studio wall. The sawing of the hole is an entry into the studio.

A "private place" is defined by the statute. The women modeling in the defendant's studio reasonably expected to be safe from uninvited intrusion while changing clothes. The defendant exited the studio when the models dressed by closing the door and ostensibly leaving them in privacy. The defendant's studio was a private place for the women when they were changing clothes.

"Observe" has been defined as to see, watch, perceive, or notice. Random House College Dictionary, p. 918. Although he

stayed near the studio door and did not see the women as they were undressing, by photographing the models the defendant was recording their acts. He could later observe the photographs, taken at a time when they had an expectation of privacy. By use of the camera he observed the women in a private place. The result is the same as if the defendant watched the models while they changed. The women had been observed. The rule of strict construction is not violated. The word "observe" is ascribed its ordinary meaning.

Modern society exposes us to many examples of people suffering indignities. The essential dignity of women and men is strained, and sometimes forgotten, in such circumstances. We believe what defendant did is not only immoral but it is a violation of K.S.A. 21-4001(1)(a) and criminal in the State of Kansas.

The appeal is sustained.