(130 P.3d 135)

No. 92,988

STATE OF KANSAS, *Appellee*, v. REGINALD L. CARTER, *Appellant*.

Opinion filed March 17, 2006.

*Nathan B. Webb*, assistant appellate defender, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before ELLIOTT, P.J., GREEN and GREENE, JJ.

GREENE, J.: Reginald L. Carter appeals his convictions for aggravated burglary and criminal damage to property, arguing that the district court erred in failing to give an instruction on a lesser included offense and challenging the sufficiency of the evidence to support his conviction of criminal damage to property. We affirm.

*Factual and Procedural Background*

Maxine Alexander's neighbor was awakened by loud noises and observed two individuals on his neighbor's porch moving between the kitchen window and the back door of the residence. The neighbor's fiancée called 911, and the observation continued until police arrived. The two men were seen leaving the porch together, but officers pursued and apprehended one of the men, who was identified as Carter.

The porch was screened in on all sides, Alexander kept it locked, and she did not give Carter permission to enter the porch or damage her screen or window. The police inspection of the porch revealed the screen next to the locked porch door had been pushed in, there was a screen window taken off the kitchen window and placed on the ground, the storm door leading into the residence was ajar, there were scuff marks on the back door, and there were fresh scrapes on the window frame. The State's exhibits show damage to the porch's screen window, the screen of the kitchen window, and the back door of the residence, and Alexander confirmed that these items were not in the same condition after the incident as they were prior to the incident.

The trial judge denied Carter's requested jury instruction for attempted aggravated burglary, finding as a matter of law that the porch was part of the residence for purposes of the aggravated burglary statute, contrary to Carter's argument. A jury found Carter guilty of aggravated burglary, misdemeanor criminal damage to property under $500, and obstructing official duty. Carter now appeals.

*Did the District Court Err in Refusing to Give a Requested Instruction on Attempted Aggravated Burglary?*

Carter first contends the trial court erroneously refused to give his requested jury instruction on attempted aggravated burglary as a lesser included crime of aggravated burglary. He argues that he attempted but did not actually enter into the victim's residence because he only entered onto her porch, which was not a part of the residence in this case. The State argues, and the trial court expressly found, that an instruction on attempted aggravated burglary was not necessary because "the enclosed back porch is part of the residence as a matter of law."

When considering the refusal of the trial court to give a specific instruction, the evidence must be viewed by the appellate court in the light most favorable to the party requesting the instruction. *State v. Williams*, 277 Kan. 338, 356, 85 P.3d 697 (2004). To the extent that appellate review requires the interpretation of a statute, it frames a question of law requiring de novo review. *State v. Legero*, 278 Kan. 109, 111, 91 P.3d 1216 (2004).

The district court must instruct the jury as to lesser included crimes "where there is some evidence which would reasonably justify a conviction of some lesser included crime as provided in subsection (2) of K.S.A. 21-3107 and amendments thereto." K.S.A. 2005 Supp. 22-3414(3). Lesser included crime instructions need not be given if the evidence would not permit a rational factfinder to find the defendant guilty beyond a reasonable doubt of the lesser included offenses. *State v. Engelhardt*, 280 Kan. 113, 134, 119 P.3d 1148 (2005).

Carter argues that a favorable view of the evidence might conclude that he did not enter "the residence" or "the dwelling house," but merely made an attempt to do so, presumably because he got only as far as the porch. His argument, particularly his use of the phrases "residence" and "dwelling house," seems to be based upon either a prior version of the applicable statute or an erroneous reading of the current version. K.S.A. 21-3716 provides, in pertinent part:

"Aggravated burglary is knowingly and without authority entering into or remaining within *any building*, manufactured home, mobile home, tent or other

structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein." (Emphasis added.)

In contrast to the statute's use of the phrase "any building," Carter continues to argue on appeal that the porch was not part of the "residence." This is simply a misreading of the applicable statute.

Prior to the 1969 enactment of K.S.A. 21-3716, see L. 1969, ch.180, sec. 21-3716, the prior aggravated burglary statute required entry into "the dwelling house of another." The text of K.S.A. 21-513 (Corrick) read:

"Every person who shall be convicted of breaking into and entering, in the nighttime, *the dwelling house of another*, in which there shall be at the time some human being, with intent to commit some felony, or any larceny therein, either— *First*, by forcibly bursting or breaking the wall, or any outer door, window or shutter of a window *of such house*, or the lock or bolt of such door, or the fastening of such window or shutter . . . or, *third*, by unlocking an outer door, by means of false keys, or by picking the lock thereof, shall be adjudged guilty of burglary in the first degree."

Although the term "dwelling" was retained in the statute defining simple burglary, K.S.A. 21-3715, the statute for aggravated burglary no longer employed the term, replacing it with "any building." K.S.A. 21-3716. We conclude that the plain meaning of "any building" requires no inquiry into the issue that plagued some historic burglary prosecutions, the extent to which adjoining or connecting portions of a structure were part of "the dwelling house." See, *e.g., State v. Gatewood,* 169 Kan. 679, Syl. ¶ 1, 221 P.2d 392 (1950); *State v. Scott,* 162 Kan. 571, 573-75, 178 P.2d 182 (1947).

Here, there is no doubt that the Alexander porch was part of "any building." Photos in the record reveal that the porch was an integral part of the house itself, sharing a common foundation, roof, gutter system, and siding. Accordingly, Carter's arguments that the porch was "not used for dwelling purposes" because Alexander "did not keep anything of value on the porch" and that it was "uninhabitable," unused, and "not very secure," are simply irrelevant given the statutory language. Whether or not the porch was being used as part of Alexander's *domicile*, it is indisputably part of the *building* in which she was present. Carter was not entitled

to an instruction on attempted aggravated burglary because the evidence viewed in most favorable to him necessarily includes his entry onto the porch, and the porch was indisputably part of the building.

Moreover, the evidence shows Carter was not only present on the porch, he also removed the screen of the kitchen window and opened the screen door from the porch into the kitchen door. Either of these acts has been held to constitute an entry for purposes of burglary. See *State v. Crease*, 230 Kan. 541, 542, 638 P.2d 939 (1982).

Under either analysis, the crime of aggravated burglary was completed, and an instruction for attempted aggravated burglary was not supported by the evidence. The district court did not err in refusing to instruct on attempted aggravated burglary.

*Is Carter's Conviction of Criminal Damage to Property Supported by Sufficient Evidence?*

Carter next argues the State failed to prove an essential element of criminal damage to property because it presented no evidence of the value of the damaged porch screen or door. When a defendant challenges the sufficiency of evidence, an appellate court's standard of review is whether, after review of all of the evidence viewed in the light most favorable to the State, the appellate court is convinced that a rational jury could have found the defendant guilty beyond a reasonable doubt. *State v. Mays*, 277 Kan. 359, 377, 85 P.3d 1208 (2004).

Carter argues that his conviction for misdemeanor criminal damage to property was not supported by the evidence because although the State presented evidence of general damage to the screen window and back door, it did not present evidence of the *value* of the damage and therefore failed to prove an essential element of the crime. The State replies that the value of the damage need not be proven for misdemeanor criminal damage, as the damaged property can be assumed to be worth something:

K.S.A. 21-3720 provides in pertinent part:

"(a) Criminal damage to property is by means other than by fire or explosive:

(1) Intentionally injuring, damaging, mutilating, defacing, destroying, or substantially impairing the use of any property in which another has an interest without the consent of such other person.

. . . .

"(b)(1) Criminal damage to property is a severity level 7, nonperson felony if the property is damaged to the extent of \$25,000 or more.

(2) Criminal damage to property is a severity level 9, nonperson felony if the property is damaged to the extent of a least \$500 but less than \$25,000.

(3) Criminal damage to property is a class B nonperson misdemeanor if the property damaged is of the value of less than \$500 or is of the value of \$500 or more and is damaged to the extent of less than \$500."

Our appellate courts have consistently held that in order to support a conviction for the felony offense of criminal damage to property, there must be evidence of value. See, *e.g.*, *State v. Jones*, 247 Kan. 537, 802 P.2d 533 (1990); *State v. Smith*, 215 Kan. 865, 528 P.2d 1195 (1974). Moreover, in a felony criminal damage to property prosecution, the *failure to address* the value of property damaged or the extent of damage in the instructions to the jury and its verdict, the defendant can be resentenced for the misdemeanor conviction. See *Smith*, 215 Kan. at 868. The logical implication of these cases—as well as the statutory language itself—is that for a misdemeanor conviction, value need not be proven.

K.S.A. 21-3720(b)(3) merely provides that "the property damaged is of the value of *less than* \$500 or is of the value of \$500 or more and is damaged to the extent of *less than* \$500." (Emphasis added.) Although these monetary criteria distinguish the misdemeanor from the felonies, they have little significance to a misdemeanor prosecution. We take judicial notice of the arithmetic fact that a "value of less than \$500" and damage "to the extent of less than \$500" includes the value of \$0. Obviously, some injury, damage, mutilation, defacement, destruction, or impaired usage to property must have occurred, but value is irrelevant in a misdemeanor prosecution under K.S.A. 21-3720(b)(3).

We conclude that the evidence was sufficient to support Carter's conviction of misdemeanor criminal damage to property beyond a reasonable doubt.

Affirmed.